UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| THE INDIVIDUALS, CORPORATIONS | ) |
| ET AL. IDENTIFIED ON SCHEDULE | ) JURY TRIAL DEMANDED |
| A TO THE COMPLAINT, | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF ROBERT BREINES

I, Robert Breines, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein. If called as a witness, I could and would testify as to the statements made herein.

2. I hold the position of President at AP Global, Inc., ("AP Global"), plaintiff in the above-captioned action. I am the sole named inventor of U.S. Patent No. D950,950 S (the "'950 patent"). A true and correct copy of the '950 patent is attached here as Exhibit 1. I have assigned all of my rights in the '950 patent to plaintiff AP Global, Inc.

3. AP Global markets and sells a line of uniquely designed, innovative carrying cases ( "Plaintiff's Product"). Provided below is an image of Plaintiff's Product.



4.  AP Global has generated hundreds of thousands of dollars in revenue from sales of its product through on-line retail platforms, such as Amazon.

5.  AP Global has not granted any licenses to rights under the '950 patent. AP Global likewise has not granted any licenses to use the trade dress embodied by Plaintiff's Products. None of the Defendants are authorized retailers of genuine versions of Plaintiff's Products.

6.  Plaintiff's Product embodies the design claims in the '950 patent. Plaintiff's Product has been highly commercially successful. AP Global has generated approximately $680,000 annually through sales of Plaintiff's Product.

7.  AP Global markets and sells Plaintiff's Product through on-line retail channels such, including Plaintiff's website as well as third-party on-line retail platforms (e.g., Amazon). Plaintiff also markets and sells Plaintiff's Product through conventional brick and mortar retail outlets.

8.  The design of AP Plaintiff's Product embodying the '950 patent differentiates AP Global's carrying cases from those of AP Global's competitors.

9.  The design of Plaintiff's Product embodying the '950 patent is non-functional and consumers have come to associate the design with AP Global exclusively.

10. The marketplace success of Plaintiff's Product has resulted in significant counterfeiting of the product. Plaintiff has, therefore, instituted a worldwide anti-counterfeiting

program and regularly investigates suspicious e-commerce stores identified in proactive internet sweeps and reported by consumers.

11. Plaintiff has identified numerous fully interactive e-commerce stores, including those operating the Defendant Internet Stores, which were offering for sale and/or selling Defendants' Infringing Products to consumers in this Judicial District and throughout the United States. *See* Exhibit 2 (screen captures showing Defendants' counterfeit products and the associated store listings).

12. Defendants' unauthorized use of Plaintiff's patented design has caused, and continues to cause, irreparable harm to Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's business reputation, loss of exclusivity, and loss of future sales.

13. AP Global has invested substantial time, money, and effort creating and promoting Plaintiff's Product and the design embodied in the '950 patent. AP Global spends approximately $1,000,000 annually promoting its products, including Plaintiff's patented carrying case at issue here. Plaintiff's Product is a key component of Plaintiff's product offerings more generally.

14. Plaintiff's products have received significant acclaim among gaming enthusiasts and in industry publications for their innovative designs.

15. The extent of the harm to Plaintiff's business reputation, the goodwill associated therewith, and the possible diversion of customers due to loss in brand confidence are irreparable and incalculable, thus warranting an immediate halt to Defendants' infringing activities through injunctive relief.

16. Plaintiff will suffer immediate and irreparable injury, loss, and damage if Defendants' infringement of the '950 patent and of Plaintiff's trade dress is not immediately stopped.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Dated: March 21, 2024

_____

Robert Breines