**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AP Global, Inc., <br><br> Plaintiff, <br> v. <br><br> The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A To The Complaint, <br><br> Defendants. | Case No.: 1:24-cv-02535 <br><br> Dist. Judge Martha M. Pacold <br><br> Mag. Judge Maria Valdez |

**Unopposed Motion for Extension of Time**

**NOW COME** certain defendants[1] ("Defendants"), by and through their undersigned counsel, and hereby request an extension of time to respond to the Complaint, stating as follows:

1. Plaintiff filed its Second Amended Complaint (SAC) on April 4, 2024. [Dkt. 21].

2. Defendants are engaged with Plaintiff in settlement discussions, though need a short additional time to explore settlement, or exhaust the prospect thereof and respond to the SAC. Defendants submit that a short extension will not materially prejudice Plaintiff as a short time has passed since the original response deadline and a short extension may help avoid unnecessary substantive motion practice.

3. This Court may, for good cause, extend the time by which a defendant's responses are due after the time has expired if a defendant failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White

---

[1] Gaietyy, Houmujiuyou

Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); *See also*, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) ("[T]o enter default would deprive defendant of its day in court and preclude just determination of the question of liability."). Moreover, the interests of judicial efficiency may not only be considered good cause under Rule 6, but also forgive a defendant's excusable neglect. *See*, White v. Marshall, 2009 WL 230096, at *3 (E.D. Wis. Jan. 30, 2009); *See also*, Kane v. Fin. of Am. Reverse, LLC, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018) (granting extension to file document where delay was minimal, not impactful to the case moving forward, and not prejudicial to the opposing party).

4. Defendants respectfully request this Court extend the date on which Defendants are to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to June 11, 2024.

5. This motion has been filed in good faith and is not interposed for purposes of delay.

6. This is the first motion for an extension of time to respond to a complaint filed by Defendants in this case.

7. Plaintiff has expressed that it does not oppose the requested extension.

**WHEREFORE**, Defendants pray that the Court will enter an order:

a) extending the time for Defendants to respond to Plaintiff's Complaint until June 11, 2024.

Dated this May 21, 2024

    Respectfully Submitted,

    /s/Adam E. Urbanczyk
    Adam E. Urbanczyk
    AU LLC
    444 W. Lake St. 17th Floor
    Chicago, IL 60606
    (312) 715-7312
    adamu@au-llc.com
    *Counsel for Defendants*